NOT DESIGNATED FOR PUBLICATION

No. 117,603

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STRATTON TORKELSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed May 4, 2018. Affirmed.

*Clayton J. Perkins*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., PIERRON and STANDRIDGE, JJ.

PER CURIAM: Defendant Stratton P. Torkelson appeals the order of the Sedgwick County District Court revoking his probation on convictions for aggravated burglary, burglary, and theft—all felonies—and ordering him to serve his underlying prison sentence of 36 months. Torkelson contends the district court abused its discretion in making that call. We disagree and affirm.

Torkelson pleaded guilty to the charges in late 2014 and was sentenced in early 2015. Consistent with the plea agreement between the State and Torkelson, the district

court imposed a 36-month sentence on Torkelson and placed him on probation for 36 months. Torkelson had a rocky go of it on probation. He stipulated to violating the terms of his probation in October 2015, for which the district court imposed a 3-day jail sanction; in February 2016, for which the district court imposed a 48-hour jail sanction; in August 2016, for which the district court imposed a 120-day incarceration sanction; and in February 2017, for which the district court imposed a 20-day incarceration sanction. Those violations included positive drug tests, driving on a suspended license, and lastly going to a casino. In each instance, the district court continued Torkelson's probation.

In March 2017, Torkelson admitted violating the terms of his probation by gambling with other participants in the adult residential program. The program entails close supervision in a heavily controlled environment aimed at helping individuals who have performed poorly on more typical probation regimens. Despite the supervision and control, the program is considerably less onerous than jail or prison.

At the last revocation hearing, Torkelson and his lawyer explained that he found employment and had been drug free for an extended period. They requested another chance at probation. The district court declined to extend Torkelson a fifth opportunity, finding him to be unamenable to probation as evidenced by his repeated violations of the terms and conditions he was to abide. The district court found the last violation troubling because Torkelson involved other participants in the residential program in conduct that would violate their probations, as well. The district court, therefore, revoked Torkelson's probation and ordered he serve his underlying prison sentence. Torkelson appealed the revocation.

On appeal, Torkelson acknowledged that the district court had imposed progressive sanctions for his probation violations and had the authority to revoke his probation, as provided in K.S.A. 2017 Supp. 22-3716. He also acknowledged that under the circumstances, the district court's decision to revoke entailed the exercise of judicial

discretion. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). A district court exceeds that discretion if it rules in a way no reasonable judicial officer would under the circumstances, if it ignores controlling facts or relies on unproven factual representations, or if it acts outside the legal framework appropriate to the issue. See *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106 (2013); *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011). In his brief, Torkelson asked that the district court's decision be reversed and he be returned to probation.

We issued a show cause order directing the State and Torkelson's lawyer to inform us of his custodial status and whether this appeal might be moot. The appellate record suggested that with credit for time served and other sentencing adjustments, Torkelson might no longer be incarcerated. The parties duly responded. Torkelson has, in fact, been released from prison and is on postrelease supervision.

We question whether we have a continuing legal controversy. In *State v. Montgomery*, 295 Kan. 837, Syl. ¶ 5, 286 P.3d 866 (2012), the court held that defendants who had served their sentences and had been fully released from State supervision could not continue to challenge probation revocations on appeal because the propriety of any revocation had become moot. Here, Torkelson remains on postrelease supervision, which arguably could keep the issue from being moot. But in *State v. Kinder*, 307 Kan. 237, 243-44, 408 P.3d 414 (2018), the court held that a defendant who has completed the incarceration portion of a sentence cannot then be placed on probation. Probation operates as a substitute for the term of imprisonment. Based on *Kinder*, Torkelson could not now be placed on probation, the relief he sought in his original brief. In his response to the show cause order, he suggested that an appropriate remedy now would be termination of his remaining postrelease supervision. That isn't necessarily an obvious or appropriate form of relief if we were to find his probation had been improperly revoked. In short, the show cause order and responses injected additional considerations into this case.

3

Given the factual record and the narrow issue Torkelson raised on appeal, we assume (but do not decide) that the propriety of his probation revocation has not become moot. We, therefore, turn to the merits of the district court's decision to revoke. As Torkelson acknowledges, the district court understood the legal framework governing the four prior probation violations and recognized that the statutory requirements for graduated sanctions short of revocation had been fulfilled. And Torkelson doesn't suggest the district court misconstrued the relevant facts. Torkelson contends that given his progress on probation in finding a job and remaining drug free for better than half a year, the district court's decision to revoke his probation was so extreme no reasonable judicial officer would have come to the same conclusion under these circumstances. We cannot agree with that proposition. Torkelson had demonstrated a continuing inability to conform to the requirements of probation. He repeatedly violated the terms and conditions of that probation despite facing substantial sanctions. The ability and desire of a defendant to conform to terms and conditions of probation go a long way toward demonstrating rehabilitation. Conversely, the continuing violation of those terms and conditions, even comparatively minor ones, suggests delinquency and even incorrigibility rather than reformation. Accordingly, the district court's decision here fell within the broad range of discretion attendant to the disposition of proven or admitted probation violations.

Because we affirm the district court's revocation, we need not and do not address what might have been an appropriate remedy had we reached a contrary conclusion.

Affirmed.

4